PLEDGER *v.* BANK OF LYERLY *et al.*

Sales under decrees in equity are always subject to confirmation by the chancellor, who has a large discretion vested in him in reference thereto. Such sales are never consummated until confirmed by him. Civil Code, § 5429. The discretion of the chancellor in such cases is, however, a sound legal discretion, and he cannot arbitrarily withhold his confirmation of a sale made under decree of the court.

No. 3814. JANUARY 16, 1924.

Equitable petition. Before Judge Wright. Chattooga superior court. May 19, 1923.

*John D. & E. S. Taylor* and *Denny & Wright,* for plaintiff in error.

*Maddox, Lipscomb & Matthews,* contra.

BECK, P. J. G. A. Pledger was adjudicated a bankrupt, and certain property was set aside to him as an exemption. Thereupon the Bank of Lyerly and others filed a petition in the superior court, seeking to subject the exempt property to the payment of certain notes held by them, in which all homestead exemptions were waived. A decree was rendered subjecting the property to these debts, and it was ordered sold. The exemption consisted of the equity in eighty acres of land, subject to an outstanding lien to secure an indebtedness of $900 principal, and interest thereon due to the Federal Land Bank of Columbia, S. C. The exempted property was advertised for sale by the receiver, and at the sale H. S. Carson made a bid of $1,000, and the property was knocked off to him. The receiver made his report to the court, in accordance with the decree, that such sale had been made, and that Carson made a bid of $1,000, but that he insisted that he misunderstood the terms of the sale and understood that he was to get a fee-simple title to the property free from all liens, or that he was to assume the indebtedness to the Federal Land Bank and pay the difference to the receiver. The receiver in his report stated that evidently there had been a misunderstanding, as the equity in the property was not worth $1,000 or anything like that sum, and recommended that the sale be not confirmed. The court thereupon directed that all parties show cause before him, at the time fixed, why the report of the receiver should not be accepted and the property readvertised for sale. At the hearing H. S. Carson answered, setting up that he had wholly misunderstood what was being sold, and thought that he was getting a fee-simple title for the $1,000, free from all liens of every kind. Pledger, however, answered, insisting that Carson should be compelled to pay in the full sum of $1,000. Evidence was introduced by all parties. After hearing all the evidence the court passed an order that the sale be set aside and not confirmed, directing the receiver to again advertise the exempt property for sale. To this judgment Pledger excepted.

We are of the opinion that the court erred in passing the judgment excepted to. In the case of *Hall* v. *Taylor,* 133 *Ga.* 606 (66 S. E. 478), this court held: "Whether sales made under the provisions of a decree of a superior court should be confirmed is a matter within the sound discretion of the court. . . Under the evidence in the case it cannot be said that the court abused its discretion in passing upon the question of the confirmation or refusal of confirmation of the sale. 'Sales under decrees in equity are always subject to confirmation by the chancellor, who has a large discretion vested in him in reference thereto. Such sales are never consummated until confirmed by him.' Civil Code [1895], § 4856. We recognize the principle that the discretion of the chancellor in such cases is, of course, a sound legal discretion, and that he cannot arbitrarily withhold his confirmation of sales made under a decree of the court." See also the case of *Southern Cotton Mills* v. *Ragan,* 138 *Ga.* 504 (75 S. E. 611) ; 16 R. C. L. 90 et seq.

We find no facts in the record to justify the exercise of discretion by the court in favor of the purchaser at the sale. The advertisement for the sale of the property in question expressly stated that the purchaser would buy "subject to an outstanding loan of $900 principal, with accrued interest thereon, due to the Federal Land Bank of Columbia, S. C." This advertisement was in pursuance of the order for the sale. There was no ambiguity either in the order or in the advertisement. Carson, who made the bid, was the cashier of the Bank of Lyerly, and in charge of its affairs. He was in no way misled by the statement that was made by the receiver or any one else at the time and place of the sale. There was no evidence to show that any fraud was practiced upon him. The slightest diligence and attention to the terms of the order and the language of the advertisement would have shown him exactly what he was buying. According to the decisions from which the above quotation is taken, in passing upon an order to set aside such a sale as the one with which we are now dealing, while the court exercises a discretion in granting or refusing an order for the confirmation or setting aside of the sale, that discretion is a sound legal discretion; and the court in passing upon an application to set aside such a sale cannot arbitrarily grant or refuse such an application. If there are no facts upon which equitable relief can be granted to an applicant for an order to set aside the

sale, the application should be refused, and to grant it is error. Counsel for defendant in error cite several cases upholding the action of the chancellor in setting aside the sale; but in no case was the judgment setting aside the sale upheld except upon facts showing fraud, deception, or excusable mistake. No excusable mistake is pleaded by the applicant in this case; nor does the applicant even attempt to show fraud or imposition. The bankrupt, Pledger, who insits that the sale should stand, shows such an interest in the property as gives him the right to insist that the sale shall not be set aside. We do not think that the principle which we have here ruled requires elaboration, as it is clearly in accord with the decisions of this court rendered in cases where the grounds upon which judicial and execution sales will be set aside were under consideration.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*