16418.   CARSON *v.* ROSE, receiver.

STEPHENS, J.   1. Where land advertised as belonging to a named person is described as being "part of" indicated land lots, containing a definite number of acres, more or less, in a particular county and in a particular militia district, a definite number of miles in a certain direction from a particular town upon a particularly described road, and having "such shapes, metes, courses, and distances" as appear from a plat made by a named person upon a certain date and attached to the abstract, and containing the names of the owners of parts of some of the adjoining lots, the description furnishes sufficient data from which the land may be identified. *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200, Ann. Cas. 1916C, 173); *Derrick* v. *Sams,* 98 *Ga.* 397 (25 S. E. 509, 58 Am. St. R. 309); *Beardsley* v. *Hilson,* 94 *Ga.* 50 (6) (20 S. E. 272); *Elwell* v. *New England Mortgage Security Co.,* 101 *Ga.* 496 (4) (28 S. E. 833); *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949).

2. Where an advertisement for the sale of land by a receiver recites that the land, which is not described as belonging to any particular person, is to be sold in accordance with a judgment and decree in the case of a certain plaintiff against a certain defendant, the advertisement will be construed as indicating that the land described is land belonging to the defendant.

3. In a suit for purchase-money of land sold at a public sale by a receiver, where it appeared that in the advertisement for the sale of the land the description was as above indicated, and where it did not appear, from the evidence, that the owner of the land owned any other property upon the particular road and in the particular land lots, the defense interposed, to the effect that the description of the land in the receiver's advertisement was void for vagueness and uncertainty, was not sustained by the evidence.

4. Where it appeared from the advertisement of the sale that the land was to be sold subject to a particularly described outstanding loan, it was no defense that the defendant, at the time of his purchase, when he bid

Receivers, 34 Cyc. p. 314, n. 72; p. 329, n. 87 New.
Trial, 38 Cyc. p. 1563, n. 68.

the amount sued for, did so under the understanding and belief that he was purchasing the entire interest in the property, free of encumbrances. *Pledger* v. *Bank of Lyerly*, 157 *Ga.* 229 (121 S. E. 228).

5. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1926.

Complaint; from Chattooga superior court—Judge Wright. March 10, 1925.

The description of the property in the advertisement of the receiver was as follows: "State of Georgia, Chattooga County: Under and in accordance with a judgment and decree of the superior court of said county in the case of Bank of Lyerly et al. v. G. A. Pledger, directing the sale of the equity in the property hereinafter advertised, I will sell before the court-house door at Summerville, Georgia, on the 1st day of May, 1923, between the legal hours of sale, to the highest bidder for cash, subject to an outstanding loan of $900.00 principal, with accrued interest thereon, due to the Federal Land Bank of Columbia, S. C., the following described property, to wit: All that certain piece, parcel, or tract of land containing 80 acres, more or less, being part of lots No. 117, 115, and 114 in 14th district and 4th section of said county, and in 1261 militia district and five miles south of Lyerly, Ga., and on the Georgia-Alabama road, and having such shapes, metes, courses, and distances as more fully appear by reference to the plat thereof made by W. L. Gamble, acting county surveyor on September 19, 1921, attached to the abstract. Parts of lots No. 117 bounded on east by A. Mitchell, that part of lot No. 115 and 114 bounded on north by William Reece and Oak Hill Church and east by T. S. Jones, south by T. S. Jones, and west by lands of Jesse Tucker as recorded in deed book 11, page 314. The interest in said property to be sold is the equity in said property set aside to G. A. Pledger as an exemption by the bankrupt courts, which said exempted property was held to be subject to the payment of the indebtedness due to the plaintiffs in the case above referred to, and said exempted interest being ordered sold for the purpose of paying said debt. Said sale to be made subject to confirmation by the court. This the 21st day of March, 1923. J. M. Rose, Receiver."

*Maddox, Matthews & Owens,* for plaintiff in error.

*John D. & E. S. Taylor, Denny & Wright,* contra.