ALEXANDER v. HOLMES, receiver.

No. 10637.   February 19, 1935.

G. C. Bidgood and Blackshear & Blackshear, for plaintiff in error.

Adams & Nelson and R. Earl Camp, contra.

398

GILBERT, Justice. Willie Holmes, as receiver of certain realty, submitted to the Laurens superior court a final report alleging, that, pursuant to the order of said court, he had publicly sold the said property to C. T. Alexander, and that thereafter the sale had been confirmed by the court and the purchase-price paid by Alexander; that he had fully administered and discharged his trust; that Alexander had procured an order directing the receiver to put him in possession; that it had been necessary to incur expense in employing counsel to represent him in that proceeding, and in filing his report applying for discharge, and in defending him in a suit then before the court, requiring him to show cause why he should not be sued for damages for alleged failure to deliver certain property which had in fact been delivered at the time suit was filed; that the proceeds of the sale were disbursed by order of court; and that, as shown by his attached statement of accounts, he still had a balance of $44.89. He prayed that he be allowed that amount as necessary expenses in employing counsel, and that his final report be accepted, and he and the sureties on his bond be discharged from further liability. The court ordered that the said sum be so appropriated. Alexander filed an objection to the discharge of the receiver, alleging that he purchased the property, paid the purchase-price after confirmation of the sale by the court, and requested the receiver to put him in possession, but that instead of doing so the receiver merely stated that he would have to see his lawyer; that, failing to get any action from the receiver after a reasonable time, he applied to the court for an order directing the receiver to place him in possession, but the receiver has failed and refused to do so; that during the time the receiver was in possession of said property he rented it to the Georgia Plywood Corporation for the time in which it was in the control of the receiver, and that after the purchase by him the said tenant became by law a tenant by sufferance, but refused to vacate and moved from the premises approximately $5000 worth of expensive machinery which had been placed thereon as permanent improvements by the objector prior to the receiver proceedings, and which constituted, when attached, a part of the realty; that in an effort to stop the Georgia Plywood Corporation from removing said machinery he had employed counsel to institute proceedings against them; that on an interlocutory hearing for injunction the receiver and his counsel were in court, but rendered

no help to him to obtain possession of the land or of the fixtures and machinery; that the receiver has not fully discharged his trust until he has made a bona fide effort to put him in possession; that said Georgia Plywood Corporation could have been summarily dispossessed by the court had the receiver done his duty and applied for the proper writ, all of which he has wholly failed and neglected to do; that objector could not say at that time to what extent he had been damaged by the neglect and failure of the receiver to place him in possession of the premises and fixtures attached, but that until placed in possession the receiver has not performed his duty, but on the contrary has caused him damage for whatever sum he has expended for counsel fees and for worry and other expense he will be put to in the suit against Georgia Plywood Corporation, for all of which damage he will expect to be compensated by the receiver, and in default thereof will ask the court for an order authorizing action against the receiver personally for whatever damage may have been caused him by the omission and neglect of duty by the receiver. He prayed that the discharge of the receiver be stayed, pending the final outcome of the litigation between him and the Georgia Plywood Corporation for the recovery of the property, after which it can be determined to what extent he has been damaged. Upon the hearing of the motion the court rendered judgment that no valid reason was shown why the receiver should not be discharged, he not being a judicial officer; that the final report of the receiver be filed; and that the receiver be discharged from his trust, and the sureties on his bond be relieved from further liability. Exception was taken to that judgment.

■ The objection to the discharge of the receiver and relief of the sureties from further liability on his bond is that the receiver has not fully discharged his trust and duty, in that he has not put the purchaser in possession of property which was bought at a receiver's sale approved by the court; and that they have rendered themselves liable to the purchaser for damages sustained thereby. The purchaser, C. T. Alexander, the plaintiff in error in this court, relies upon Code of 1933, § 39-1309, as the basis of his right to be put in possession by the receiver. That section provides: "Whenever a present interest in land shall be sold by any judicial officer, it shall be his duty to place the purchaser or his agent in possession of the land; and to this end he may dispossess the defendant in the

process, his heirs and his tenants, or his lessees or vendees of younger date than the judgment upon which the process shall have issued; but he may not dispossess other tenants claiming under an independent title." It is urged by the defendant in error, and so held by the court below, that this section affords no relief to the purchaser at a receiver's sale, because a receiver is not a "judicial officer." The expression "judicial officer" is subject to two interpretations. In a strictly legal sense it applies only to an officer who determines causes inter partes or renders decisions in a judicial capacity. In the popular or broader sense the term applies generally to an officer of court whose duties are ministerial. 34 C. J. 1183, § 21. A receiver is merely a ministerial officer of the court. *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (39 S. E. 450, 55 L. R. A. 225); 23 R. C. L. 7, § 2, and many cases cited. For a purchaser to have the benefit of section 39-1309 is it necessary that the "judicial officer" referred to therein be one who is vested with discretion and decides causes inter partes, or does it include a ministerial officer? An examination of the antecedent of this and other sections will be of service. By an act of December 23, 1823 (Ga. Laws 1823, p. 158, Cobb's Digest, 512), it was provided that "When any sheriff or coroner shall sell any real estate by virtue of and under the authority of any execution, it shall be the duty of such sheriff or coroner (as the case may be), upon application, to put the purchaser, his or her agent, or attorney, in possession of the real estate sold: provided, that this act shall not authorize the officer making the sale to turn out any other person than the defendant in execution, his heirs, or his tenants, if such person were in possession at the term of the rendition of the judgment, or if such person has acquired such possession under the judgment of a court of competent jurisdiction, or claim under the person or persons acquiring such right by the judgment of such court." In the Code of 1863 that act appears as section 3578, and is section 39-1312 of the Code of 1933. The codifiers also included section 2580, now section 39-1309 of the Code of 1933 which is quoted above. It is thus apparent that, recognizing that the original act of 1823 (§ 39-1312) afforded relief to a purchaser only in a case where any sheriff or other officer shall sell any real estate by virtue of and *under an execution,* it was their intention to also provide similar protection to the purchaser who buys at a sale under order of court through a

commissioner, receiver, etc., as well as "under an execution," and in designating the ministerial agents of the court, acting under judicial orders, they used the term "judicial officers." In *Mattlage* v. *Mulherin,* 106 *Ga.* 834, 836 (32 S. E. 940), Justice Cobb construed what is now section 39-1309, under which the purchaser in the present case claims the right to have the receiver put him in possession, with what are now sections 39-1312, 39-1313, and 39-1314, and stated: "Construing these sections together, it can be clearly seen that it was the intention of the General Assembly to provide that the general rule should be, that in all cases where a present interest in real estate was sold by a judicial officer under any execution, the purchaser at such sale should be entitled to be placed in possession by the officer making the sale, in a summary way, and thereby be saved the delay and annoyance incident to acquiring possession by an ordinary suit at law founded upon the title acquired by him at the sale. This is undoubtedly the general rule that was intended to be established. To this rule certain exceptions were made. It is incumbent upon any one who is attacking the right of the sheriff to dispossess him to show that he comes within one of the exceptions." Certainly by analogy the purchaser at a receiver's sale under order of court is entitled to "be saved the delay and annoyance incident to acquiring possession by an ordinary suit at law founded upon the title acquired by him at the sale." It is not shown that the Georgia Plywood Corporation is claiming to be within the exceptions as to who may not be dispossessed. It is claimed by the plaintiff in error, and not denied by the defendant in error, that the corporation was a mere tenant for the period of time when the property was under the control of the receiver and until the sale. Manifestly, therefore, under section 39-1309, the receiver owed a duty to the purchaser to put him in possession of the property the receiver had sold as an officer of the court. It is no answer, as was urged by the receiver in the court below, that, the tenant having refused to vacate, the receiver would be obliged to resort to manual force to evict him. The receiver is an officer of the court, and as such has the ear of the court. By appropriate application he can present to the court any refusal or resistance offered by the tenant by sufferance, and obtain a writ of assistance, directed to the enforcing officer, the sheriff, and thereby put the purchaser in possession. It is urged in the brief of defendant in

error that in fact only a portion of the purchased property is involved. That can not affect the right of the purchaser. He is entitled to full possession and the complete assistance of the receiver to deliver him all he bought. The doctrine of caveat emptor, urged by defendant in error, while applying to all judicial sales, is no test of the right of the purchaser in the present case. There is no contest as to title. The issue is as to the right of the purchaser to have the receiver put him in possession, and to stay the discharge of the receiver and his sureties. The receiver is under the duty to put the purchaser in possession of all the realty and its attachments. If in the exercise of his duty the receiver or sheriff is met with the assertion of an independent title, that is another matter. The receiver can not justify his inaction by a mere apprehension of resistance. That the purchaser, to prevent further removal of property from the premises, has taken legal action against the tenant by sufferance can not diminish the obligation of the receiver under section 39-1309. The court erred, therefore, in holding that the receiver was not a judicial officer in contemplation of that section, and that the receiver was not under a duty to put the purchaser in possession.

■ Not having put the purchaser in possession, the receiver had not performed his full duty and discharged the trust of his office. "In determining whether to continue a receivership or discharge the receiver, the court will consider the rights and interests of all parties concerned, and will not grant an application for discharge merely because it is made by the party at whose instance the appointment was made." 53 C. J. 87, § 106. "The duty of the court being to protect the rights of all parties in interest, and not merely those of the plaintiff at whose suit the extraordinary aid of the court has been invoked, it will not permit the receiver to be discharged upon the consent of the plaintiff, when it appears that the discharge may prejudice the rights of other parties to the action who do not consent thereto." High on Receivers, 989, § 837. The purchaser had intervened prior to the discharge of the receiver and was an interested party. The court erred, therefore, in approving the final report of the receiver, and in discharging him and the sureties on his bond from further liability.

*Judgment reversed. All the Justices concur.*