732

SIMS *v.* RAMSEY *et al.*

No. 12318.  September 23, 1938.

*Walter A. Sims,* for plaintiff in error.

*Walden & Henry,* contra.

Jenkins, Justice.    In an equitable proceeding for partition

of land there was a decree, unexcepted to, that the plaintiff and the defendant each owned one undivided half interest; and that the receiver should sell the property at public sale, after advertisement, and report to the court, "when the court will make an order paying the expenses of the advertising and sale and the commission of the receiver for his services, and a division of the balance of the proceeds of sale in equal parts to the plaintiff and the defendant." The receiver reported to the court a sale, with an offer by the plaintiff of $1700 cash, $175 of which she deposited in cash, and the balance of which she was to pay in four days. The court entered an order of approval, and that the taxes, liens, and costs be first paid out of these proceeds. Several months later the receiver filed another report, stating that the plaintiff had notified him that she was unable to comply with her bid, but now offered to pay all the costs of the case, assume the taxes, and pay $750 to the defendant. The defendant filed objections on the grounds that he was unwilling to accept this amount for his interest, that the property should be resold, that the plaintiff should be held responsible for any deficiency between the amount realized at resale and the amount of her original bid, and that the receiver should recover that amount from her. No evidence was taken. The defendant excepts to an order approving the last offer of the plaintiff and the recommendation of the receiver that it be accepted.

It appears from the record that the plaintiff and defendant, in this equitable proceeding for a partition of land, were each decreed to own a half interest; that the plaintiff at a public sale by the receiver bid in the property at $1,700, out of which the taxes, liens, and court costs, including receiver's fees and advertising, were to be first paid before an equal division of the balance was made between the two parties; and that upon the receiver's subsequent report and recommendation the court confirmed a second offer by the plaintiff to pay $750 cash to the defendant, as his half of the net proceeds, and to pay all court costs and assume the taxes. No evidence being taken, it does not appear what were the amounts of court costs, commissions of receiver, attorney's fees, if any, costs of advertising, or taxes. Under the Code, § 55-315, commissions to the receiver were authorized to the extent of 8 per cent. on the first $1000 and 4

per cent. on the next $700, which on the basis of a $1700 sale would have been $108, and which the court may have had in mind in addition to other proper items of costs in confirming the last offer. Nothing appears in the record to show that the items additional to the $108 mentioned would not have equaled or exceeded $92, so as to have reached a total of $200 or more, and thus to have left a net balance of $1500 or less to be equally divided between the parties. Accordingly, since the plaintiff in error does not show that under the first offer of $1700 gross he would have received more than the $750 net to him, as last offered, he fails to show prejudicial error.

> *Judgment affirmed. All the Justices concur.*