PENNY, receiver, *v.* CASH *et al.*

No. 15538.   SEPTEMBER 5, 1946.

*James W. Arnold* and *Rupert A. Brown,* for plaintiff.

*Carlisle Cobb,* for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) Since the controlling issue turns upon a receiver's deed, it is important that certain law applicable to such a sale be observed. The sale by the receiver was a judicial sale. *Southern Cotton Mills* v. *Ragan,* 138 *Ga.* 504 (1) (75 S. E. 611); *Alexander* v. *Holmes,* 180 *Ga.* 397 (179 S. E. 77). To such a sale the maxim caveat emptor applies. *Kurfees* v. *Davis,* 178 *Ga.* 429 (173 S. E. 157). Confirmation by the court is an essential part of such sale. *Hall* v. *Taylor,* 133 *Ga.* 606 (66 S. E. 478); *Pledger* v. *Bank of Lyerly,* 157 *Ga.* 229 (121 S. E. 228); *Hurt Building Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274 (182 S. E. 187); *Sims* v. *Ramsey,* 186 *Ga.* 732 (2) (198 S. E. 770). When the bid has been accepted and confirmed, the bidder is legally bound to pay the amount of his bid, and the receiver is likewise bound to convey the property sold when the purchaser has paid the amount of his bid. *Allen* v. *Bemis,* 193 *Ga.* 556 (1) (19 S. E. 2d, 516). The purchaser is entitled to be put in possession of the land bought. *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545); *Alexander* v. *Holmes,* 180 *Ga.* 397 (179 S. E. 77). The purchaser at a judicial sale depends for his title upon (1) the judgment, (2) the levy, and (3) the deed. *Brooks* v. *Rooney,* 11 *Ga.* 423 (56 Am. D. 430); *Keen* v. *McAfee,* 116 *Ga.* 728, 731 (42 S. E. 1022); *Leathers* v. *Garrett,* 179 *Ga.* 619, 621 (176 S. E. 638). This last-named rule of law, when applied to a receiver's sale, means that the purchaser depends upon (1) the order to sell, (2) the offer of sale by public outcry or otherwise, (3) the bid, (4) the confirmation, and (5) the deed. Thus a clear legal distinction is made between the construction of a receiver's deed and a deed by private parties in a private sale.

At the time Fowler made his bid for "the land advertised for sale today," it was being advertised as "eighty-six acres, more or

less, . . . bounded . . . east by lands of Fowler and lands of Birt Owens," etc. The recital that it was bounded on the east by lands of Fowler was at the time an accurate statement in point of law. Although certain litigation had been instituted by the representative of the Potter estate to set aside a judgment previously obtained by Fowler, as well as a deed conveying to him the 42-acre tract, which was east of the 86-acre tract, and certain temporary restraining and interlocutory orders had been issued against him by the court, the legal title to the 42-acre tract still remained in Fowler. It is clear, therefore, that the receiver's advertisement did not purport to be notice of a sale of any land embraced in the 42-acre tract, and that only land of the Potter estate, south and west of such tract, was being advertised for sale. Hence, in making his bid through counsel for "the land advertised for sale to-day," Fowler necessarily committed himself to an acceptance of the tract south and west of the 42-acre tract, with no thought of bidding on land the title to which was at that time in himself.

The order of the court approving such bid from Fowler, while using a description somewhat at variance with that employed in the advertisement, shows by its express language an intention to approve the acceptance of a bid which, as we have stated above, could reasonably have no relation to any land embraced in the 42-acre tract. The fact, therefore, that the court, in authorizing the receiver to make and execute a deed conveying "86 acres of land," instead of "eighty-six acres, more or less," of the Potter estate as advertised can not reasonably be construed to evidence an intention of the court to approve a sale of more land than was being advertised for sale, but the order must be construed as approving the bid as made, to wit, for land west of the 42-acre tract.

The receiver's deed to Fowler purports to convey an 86-acre tract of land, but limits the boundary on the east by other lands of the Potter estate. Admittedly the only other land ever owned by the Potter estate east of and adjoining the 86-acre tract was the 42-acre tract. At the moment of the execution of the deed by the receiver, which, according to the recitals in the quitclaim deed from Fowler to the receiver, was anterior in point of time to the execution of the deed by the receiver to Fowler on the same day, the title to the 42-acre tract was in Fowler. Therefore the statement in the receiver's deed that the land conveyed to Fowler was bounded

on the east by other lands of the Potter estate was *literally* incorrect. But until Fowler acquired his deed to such 42-acre tract in 1935 the land belonged to the Potter estate, and the fact that it was this 42-acre tract by which the 86-acre tract was bounded on the east can not be disputed by the record. Fowler's deed quitclaimed "all of the property, both real and personal, of the estate of Mrs. Fannie E. Potter, deceased, except that portion thereof deeded this day by" the receiver "in pursuance of an order of the Superior Court of Clarke County," and therefore left him without the title he formerly held to the 42-acre tract, and evidences an intention that his bid did not relate to any portion of the 42-acre tract. We reach the conclusion that the deed from the receiver to Fowler on February 8, 1941, upon being construed with the other documentary evidence above discussed, did not convey any part of the 42-acre tract. Fowler had no title to the 42-acre tract to convey to Cash and his wife, and they claim no title save from him. A finding was demanded as a matter of law that the admitted possession by Fowler's grantees, Cash and his wife, of 20 acres of such tract was an interference with the possession by the receiver of lands belonging to the Potter estate. The finding of the jury that Cash and his wife were not interfering with the receiver's possession was unauthorized. The court erred in overruling the general grounds of the motion for new trial. Since the above ruling disposes of the case on a question of law, we deem it unnecessary to pass upon the special grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*