37569. LEGGETT et al. v. OGDEN et al.

SMITH, Justice.

Appellants brought an action against their former business partners alleging that the latter had excluded them from participation in the partnership. They sought an accounting for their share of partnership assets, a partitioning of real property, and the appointment of a receiver. The trial court appointed a receiver and ordered him to take control of the various partnership businesses and inventory all partnership assets. Subsequently, the parties agreed to and the court ordered a public sale of the assets. Appellees were the successful bidders. From the proceeds of the sale, the receiver paid secured creditors, leaving a balance of $56,453.93.

On November 6, 1980, the receiver requested the court to issue an order directing him to dispose of the remaining funds. The court entered an order requiring the parties to show cause why the receiver's motion should not be granted.

On November 26, 1980, the court ordered disbursement of the fund to pay the receiver's fees and expenses, to satisfy the claims of unsecured creditors and to compensate each of the former partners in the amount of $7,000.00. Under the court's order, the balance of the fund was to be held pending final resolution of the parties' other claims.[1]

---

[1] Appellants contend that appellees owe them approximately $44,000.00 for sums loaned to the partnership. Appellees claim they are entitled to recover $47,877.53 allegedly loaned to appellants.

Subsequent to this order, appellants obtained new counsel. Appellants now requested that the court dissolve or amend its order for disbursement of the sale proceeds on the ground that the sale was invalid. They also prayed for a temporary injunction to prevent appellees from disposing of any assets they acquired in the receivers sale.

On December 22, 1980, the court held a hearing on appellants' motion. At this hearing, the court indicated that it would not amend its disbursement order. Appellants then alleged that fraud had occurred subsequent to the date of the receiver's report (September 8, 1980). The court rescheduled the hearing for February to allow the parties to present further evidence.

In January, appellants filed exceptions to the receiver's report and a "protest as to confirmation of receiver's sale," alleging that the "sale of the assets for the amount of [appellees] bid would be grossly inequitable . . . " Appellants also amended their complaint to include an allegation that appellees had wilfully and maliciously excluded them from the businesses "with the intent to destroy . . . the value of the assets . . . and as part of a plan to acquire the assets at a forced sale." They alleged that the value of the businesses had gone from $250,000.00 to $15,000.00, the amount obtained at the receiver's sale.

At the February hearing, the court limited the presentation of evidence to two issues: whether there was any fraud and whether the receiver's actions were in conformity with the court's order directing the sale. Appellants conceded they had no evidence of fraud as they had originally alleged. However, appellants did present testimony showing that appellees might have received substantial amounts from the partnership immediately prior to the receiver's taking control of the businesses, and that these payments were not considered by the receiver in his report to the court. The court denied appellants' motion to amend the disbursement order and their request for a temporary injunction.

Appellants brought this appeal.

1. In their first two enumerations of error, appellants contend that the trial court erred in failing to "hear and sustain" their objections to the sale and the receiver's report.

Code Ann. § 37-1206 provides: "Sales under decrees in equity shall be subject to confirmation by the judge, who has a large discretion vested in him in reference thereto. Such sales shall not be consummated until confirmed by him." See *Penny v. Cash,* 201 Ga. 215, 220 (39 SE2d 397) (1946); *Hurt Bldg. v. Atlanta Trust Co.,* 181 Ga. 274 (182 SE 187) (1935). Thus, we agree with appellants that confirmation of the receiver's sale in the instant case is required,

At the February hearing, the trial court heard evidence regarding the conduct of the sale and concluded that "the receiver did his job" and that "Plaintiffs presented no . . . evidence that the sale by the receiver conducted on October 7, 1980 pursuant to . . . Order of this Court . . . was not held in conformity therewith." The court also found that the "Plaintiffs did not prove . . . any fraud on the part of any of the parties or of the receiver which would entitle Plaintiffs to an order dissolving or amending the Order for Disbursement."

While these findings are somewhat indicative of the trial court's approval of the sale, it is nonetheless clear that the February hearing was not directed toward confirmation. Prior to the hearing, appellants had raised a series of objections to the sale and the receiver's reports. At the hearing, appellants expressed a desire to raise these objections and obtain a ruling with respect to confirmation. Opposing counsel stated: "I expected at some point in the litigation to get into the confirmation question, but I did not think that's why we were here today." The trial court decided "not to hear the exceptions because that comes under the issue of confirmation, if in fact confirmation is required."

Because confirmation is required, the case must be remanded for a confirmation hearing where appellants can air their objections to the sale and the receiver's report. See *Hurt Bldg. v. Atlanta Trust Co.,* supra at 285; 66 AmJur2d, Receivers, § 409. As the merits of appellants' contentions have not been fully considered by the trial court, we do not reach them.

2. In their third enumeration, appellants contend that the trial court "erred in failing to grant the motion to dissolve or amend the order for distribution of funds."

As noted above, the receiver's sale is not final because it has not been confirmed. *Penny v. Cash,* supra. Any distribution of the proceeds of the sale should await confirmation. See 47 AmJur2d, Judicial Sales, §§ 167 and 309.

3. In their final enumeration, appellants contend that the trial court "erred in failing to enjoin appellees from disposing of the assets of the partnership."

The receiver's sale in the instant case was a judicial sale. *Kurfees v. Davis,* 178 Ga. 429 (1) (173 SE 157) (1933). It is "not valid or binding, and confer[s] on the purchasers no right to the property, until confirmed by the court . . . " *Ousley v. Bailey & Co.,* 111 Ga. 783, 787 (36 SE 750) (1900). " ' "The accepted bidder . . . acquires, by the mere acceptance of his bid, no independent right to have his purchase completed," but is merely a preferred proposer, until confirmation of the sale by the court, as agreed to by [the receiver].' " *Hall v. Taylor,* 133 Ga. 606, 607 (66 SE 478) (1909).

"Ordinarily, he is not entitled to take possession . . ." 47 AmJur2d, Judicial Sales, § 219.

The trial court considered appellees purchasers of the partnership property who should not be prevented from "disposing of it or doing what they want to do." Since the denial of appellants' request for temporary injunction was based in large measure upon the trial court's premature conferral of post-confirmation status on appellees, the judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.[2]

*Judgment reversed. All the Justices concur, except Jordan, C. J., who dissents.*

DECIDED NOVEMBER 4, 1981.

*Marson G. Dunaway,* for appellants.
*Billy N. Jones,* for appellees.

---

[2] In remanding the case, we do not suggest that the sale should not be confirmed. The issues of fraud and compliance with the order of sale have already been presented at the February hearing, and the trial court has found no error. "Whether sales made under the provisions of a decree of a superior court should be confirmed is a matter within the sound legal discretion of the court." *Hall* v. *Taylor,* supra; see *Pledger v. Bank of Lyerly,* 157 Ga. 229 (121 SE 228) (1923).