76946. TIMPSON et al. v. SIMMONS.
(374 SE2d 356)

Pope, Judge.

The trial court appointed plaintiff Matthew O. Simmons as receiver of certain property and ordered him to offer it for sale in the manner prescribed for judicial sales. Plaintiff sold the property to defendants as the highest bidders. Subsequent to the sale, defendants learned the property could not be conveyed free of liens and they defaulted on their bid. The trial court in the receivership proceeding ordered plaintiff to conduct a second judicial sale, rather than sell the property to the one who had entered the second highest bid at the first sale. The property was sold to the highest bidder at the second sale for a price $11,500 lower than that bid by defendants at the first sale. Plaintiff brought this action against defendants to recover the difference between the sale price and the price bid by defendants. Defendants appeal the trial court's award of summary judgment to

plaintiff.

In response to plaintiff's motion for summary judgment, defendants each submitted an affidavit in which they alleged plaintiff told them on the courthouse steps, prior to the first sale, that the property would be sold to the second highest bidder if for some reason the highest bidder did not purchase the property. The second highest bid was only $100 less than defendants' bid; therefore if the property had been sold to the second highest bidder, defendants would be liable for only a $100 deficiency. Defendant Timpson stated plaintiff told him "he did not see any problem in [being able to convey unencumbered title to the property]." In fact, the property was subject to several liens and for that reason defendants refused to purchase the property. Defendants argue their affidavit testimony creates an issue of contested fact sufficient to defeat the motion for summary judgment.

"[A] receiver's sale is a judicial sale, and the maxim caveat emptor applies." *Kurfees v. Davis*, 178 Ga. 429, 434 (173 SE 157) (1933); accord *Penny v. Cash*, 201 Ga. 215, 220 (39 SE2d 397) (1946). A purchaser at a judicial sale is subject to the maxim of caveat emptor "and is chargeable with knowledge of defects which the record discloses, notwithstanding statements of individuals." *Pittman Constr. Co. v. City of Marietta*, 177 Ga. 573 (1) (170 SE 669) (1933). "[A] purchaser at [a judicial sale] can protect himself in no other way than by showing actual fraud, or mistake unaffected by his own negligence, of a character so gross as to amount to fraud." *Wylly v. Gazan*, 69 Ga. 506, 518 (1882). See also OCGA § 9-13-167 (b). In this case, neither defendants' answer nor the affidavits submitted by defendants in response to the motion for summary judgment create an issue of fraud. At most, defendants' affidavits contend plaintiff mistakenly informed them of the status of the title to the property and the judicial procedure for selling the property in the event the highest bidder defaulted. "[T]he statement of the executor or administrator [in response to an inquiry regarding title to land] fixes no liability upon [the executor]. A purchaser at [an executor's] sale purchases with his eyes open. *Caveat emptor* is the rule." *Wells v. Harper*, 81 Ga. 194, 195 (6 SE 913) (1887).

Because defendants refused to comply with the terms of the judicial sale, plaintiff, as receiver, was entitled to resell the property and proceed against defendants for the deficiency. OCGA § 9-13-170. Summary judgment was properly granted to plaintiff.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 14, 1988.

*Robert T. Romeo*, for appellants.

*Matthew O. Simmons*, for appellee.