## HALL v. TAYLOR et al., receivers

1. Whether sales made under the provisions of a decree of a superior court should be confirmed is a matter within the sound legal discretion of the court.

2. Under the facts of this case, it can not be said that the judge of the superior court, in refusing to confirm the sale, abused the discretion vested in him.

Argued June 19,—Decided November 20,—Rehearing denied December 23, 1909.

Petition to confirm sale. Before Judge Whipple. Bibb superior court. December 31, 1908.

*Nottingham & Nottingham, Joseph H. Hall & Warren Roberts,* for plaintiff. *Hardeman, Jones & Johnston* and *Miller, Jones & Miller,* for defendants.

BECK, J. The plaintiff in error was the highest bidder for a certain tract of land exposed for sale at a judicial sale by the defendants in error, as receivers appointed by the order of the superior court, on the first Tuesday in January, 1908. His bid was $7,500. The receivers in their report recommended to the court that this sale be not confirmed; whereupon the plaintiff brought a petition seeking a confirmation of the sale. Upon the hearing of this petition, on December 31, 1908, several witnesses were introduced who testified that the sum bid was a fair and reasonable value for the land. On the other hand one witness testified "that in his opinion $7,500 is very much less than could likely be obtained for said property upon a resale thereof." Other witnesses testified that the property was reasonably and fairly worth $10,000, and that in their opinion $7,500 "is very much less than could likely be obtained for said property upon a resale thereof." The receivers testified that the property in their opinion is worth at least $10,000, and that under favorable conditions they could make a sale of said land for approximately $10,000. In their answer to the petition they stated that they were of the fixed opinion that the offer of the plaintiff in error of $7,500, "one third cash, one third in six months and one third in twelve months," should not be accepted. After hearing this evidence the court passed the following order: "The foregoing petition coming on to be heard before me this day, after hearing the evidence and argument by J. H. Hall, B. E. Willingham having abandoned this proceeding, it is ordered and adjudged that said bids by said B. E. Willingham and said J. H. Hall, either

separate or in the aggregate, be not confirmed; and said petition
is therefore denied and the report of the receivers approved.   This
Dec. 31st, 1908." To this judgment the plaintiff excepted.

Under the evidence in the case it can not be said that the court
abused its discretion in passing upon the question of the confirma-
tion or refusal of confirmation of the sale.   "Sales under decrees
in equity are always subject to confirmation by the chancellor, who
has a large discretion vested in him in reference thereto.   Such
sales are never consummated until confirmed by him." Civil Code,
§ 4856.   We recognize the principle that the discretion of the
chancellor in such cases is, of course, a sound legal discretion, and
that he can not arbitrarily withhold his confirmation of sales made
under a decree of the court.   In the order of the court authorizing
the sale of this property it was expressly provided that the sale
should be "subject to confirmation by the court; and the right is
hereby expressly reserved to reject either or all of such sales when-
ever made, whenever the court is not wholly satisfied with the
amount of the bid or bids therefor, the bidder to acquire no right
to insist upon a confirmation because the property is offered at
public outcry."

In the case of *Walters* v. *Hargrove*, 61 *Ga.* 268, it is said : "A
large discretion is vested in him [the chancellor] in passing on
these equity sales.   The sale is never consummated until he does
confirm it, and in the order here this reservation is expressly made."
Mr. Rorer, in his work on Judicial and Eexecution Sales, § 106,
says of judicial sales : "Until confirmed by the court, the sale con-
fers no rights.   Until then it is a sale only in a popular, and not in
a judicial or legal sense.   The chancellor has a broad discretion in
the approval or disapproval of such sales.   'The accepted bidder'
(say the Supreme Court of Kentucky) 'acquires, by the mere ac-
ceptance of his bid, no independent right, as in the case of a pur-
chaser under execution, to have his purchase completed,' but is
merely a preferred proposer, until confirmation of the sale by the
court, as agreed to by its 'ministerial agent.'   In the exercise of
this discretion a proper regard is had to the interest of the parties
and the stability of judicial sales.   By sanctioning the sale the
courts make it their own.   There is a difference between such sales
and ordinary auction sales and sales by private agreement.   In the
latter, says Daniell in his Chancery Practice, 'the contract is com-

plete when the agreement is signed; but a different rule prevails in sales before a master.    In such cases the purchaser is not considered as entitled to the benefit of his contract till the master's report of the purchaser's bidding is absolutely confirmed.'    Such is the rule, whether the sale be by a master, commissioner, or other person or functionary authorized by the court to conduct the sale.    The bargain is not ordinarily considered as complete until the sale is confirmed and the conveyance is made."    What is here said seems to be supported by our own decisions and the decisions of a large number of the courts of other States; though there are some adjudications that more narrowly restrict the discretion of the court in determining whether the sale is to be confirmed or not.

<em>Judgment affirmed.    All the Justices concur.</em>