17460.  WINGFIELD *v.* BENNETT, superintendent, etc.

Whether sales made under an order of the superior court should be confirmed is a matter within the sound legal discretion of the court.
Such sales are never consummated until confirmed.

DECIDED OCTOBER 5, 1926.

Confirmation of sale; from Putnam superior court—Judge Park. May 15, 1926.

*W. B. Wingfield,* pro se.

*Allen & Pottle, Luther Roberts,* contra.

BLOODWORTH, J.  Under and by virtue of the banking laws of this State (Ga. L. 1919, p. 135) T. R. Bennett, as superintendent of banks, in September, 1921, took possession of all the assets and business of the Bank of Eatonton.  After having been in possession of the bank's assets from that time, and, through his own efforts and those of his attorneys, having made collection of what he could from the assets up to November 9, 1925, he made application to Hon. James B. Park, judge of the superior courts of the Ocmulgee circuit, and obtained an order to sell the remaining assets, the order providing that the sale should be "subject to confirmation of this court."  Pursuant to that order the assets were advertised to be sold for cash before the courthouse door at Eatonton on the first Tuesday in December, 1925, when they were knocked off to W. B. Wingfield for $100, he being the highest and best bidder.  Thereafter the said Bennett, superintendent of banks, filed a petition in the superior court of Putnam county, in which it was alleged that "the amount of the bid of $100 made by W. B. Wingfield was grossly inadequate, and said assets are worth much more than the amount of said bid, and that since the date of said sale your petitioner has been offered the sum of $1,400 for said assets," and praying that the sale for $100 be not confirmed.  W. B. Wingfield answered the petition, and, upon an agreed statement of facts, the issue was submitted to and passed upon by Judge Park, who, on May 15, 1926, passed an order refusing to confirm the sale for $100.  To this order of the court Mr. Wingfield excepted.

The judge did not abuse his discretion in refusing to confirm the sale.  Moreover, as shown above, the order authorizing the sale provided that it should be subject to confirmation by the court.

Judicial Sales, 35 C. J. p. 43, n. 22; p. 44, n. 30; p. 47, n.83; p. 49, n. 25.

Under this order the sale would not be consummated until confirmed. Civil Code (1910), § 5429. See *Hall* v. *Taylor,* 133 *Ga.* 606 (66 S. E. 478). The foregoing ruling is correct even though the advertisement of the sale did not disclose that the order for the sale provided that it should be subject to confirmation, and even though the purchaser did not know of this provision of the order.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*