42401. TRAVELERS INSURANCE COMPANY et al. v. BURCH.

ARGUED NOVEMBER 8, 1966—DECIDED DECEMBER 1, 1966.

724

*Harris, Russell & Watkins, Philip R. Taylor,* for appellants.
*O. L. Crumbley,* for appellee.

FELTON, Chief Judge. ■ Service of the enumeration of errors, formerly required to be by certified mail, need be made only by mail under the provisions of *Code Ann.* § 6-902 (Ga. L. 1965, pp. 18, 31) as amended by Ga. L. 1966, pp. 493, 498. The motion to strike the enumeration of errors and brief is denied.

■ The purpose of the August 19, 1964, hearing was to determine whether claimant had undergone any change in her condition subsequent to the original award which would affect the amount of the compensation payments established by that award. The burden of proof of a change in the claimant's condition was on the employer and insurer, who requested the hearing. *Indemnity Ins. Co. v. Davis,* 98 Ga. App. 656 (106

SE2d 172). The claimant, therefore, was not obliged at that hearing to introduce evidence supporting a claim for expenses incurred as a result, not of any change in her condition, but of an illness directly caused or aggravated by the compensable injury. Hence, the issue of liability resulting from any possible brain injury was not necessarily involved in the change of condition hearing. Although the deputy director commented on the possibility of brain injury, traumatic psychosis, etc., he found that there was nothing in the record to indicate such injury. Since this issue was not there involved, the absence of evidence in that regard could not have the effect of making the award res judicata as to this issue. The evidence introduced showed no change in condition. The claimant could rely on what was enough to show no change. She was not required to show that her condition was in fact worse. This issue was properly raised by the application for a hearing under the provisions of *Code Ann.* § 114-501, by which claimant sought to show liability on the basis of seeking medical expenses to produce an improvement of her condition, rather than showing a change of condition. See *City of Atlanta v. Padgett,* 68 Ga. App. 96, 108 (22 SE2d 197).

The awards of the deputy director and the full board were based on the theory that the claimant was estopped to recover the claimed expenses by her failure to produce the available evidence thereof at the change of condition hearing instigated by the employer and insurer. Since this theory is erroneous, as discussed hereinabove, the awards denying the claim on this theory were properly reversed by the superior court. The case is affirmed with direction that it be remanded to the board for another hearing and award in accordance with the principles herein enunciated.

*Judgment affirmed with direction. Frankum and Pannell, JJ., concur.*