## 47144. AMERICAN APPRAISAL COMPANY v. WHITLEY CONSTRUCTION COMPANY.

EVANS, Judge. The American Appraisal Company sued Whitley Construction Company, d/b/a Whitley Concrete Company, for the sum of $10,000 as the result of certain appraisal services performed by the plaintiff for the defendant. Plaintiff alleged that defendant refused to pay and breached its contract. The defendant answered, denying the material portions of the complaint and contended there was a complete failure of consideration and a breach of the contract by plaintiff as to making an appraisal of defendant's equipment and real estate.

The case came on for trial, without the intervention of a jury, and the court rendered its findings of fact to the effect that plaintiff had brought the action in two counts, one for quantum meruit for services allegedly rendered, and the other on contract; and "that the plaintiff breached the contract by failing to furnish the advance report in 45 days; that the work was authorized on October 10, 1969, and the report was not received until after December 2, 1969." The court further found that there

was a total failure of consideration "in that there were many errors and omissions in the appraisal, which rendered it worthless to the defendant." Judgment was then rendered against the plaintiff and in favor of the defendant. The appeal is from that judgment. *Held:*

Plaintiff enumerates error on the finding that the contract was breached by failure to furnish an advance report of the appraisal within 45 days, and that time was of the essence of the contract; and also on the finding that there were so many errors and omissions in the appraisal as to make it worthless.

There was ample evidence in the record to authorize a finding that when defendant requested the appraisal, plaintiff submitted a proposal that would have to be accepted immediately "in order to furnish our advance report in forty-five (45) days from the date of authorization"; and that defendant accepted said proposal immediately; but that plaintiff did not submit said advance report within 45 days from date of such acceptance. There was also sufficient evidence to support the finding that errors and omissions in the appraisal rendered it worthless to defendant. Some conflicting evidence may also be found in the record, but where a case is submitted to a judge for trial and decision, without the intervention of a jury, the judge sits as both judge and jury and while his decision is a judgment, and not a verdict, same is based on his determination of the law and the facts, and as to the facts, is given the same weight as a verdict (*Smith v. General Motors Acceptance Corp.*, 98 Ga. App. 840, 842 (107 SE2d 334)), and his findings of fact shall not be set aside unless clearly erroneous. *Code Ann.* § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

And, of course, after rendition of a verdict, all of the evidence and every presumption and inference arising therefrom, must be construed most favorably towards upholding the verdict. *Boatright v. Rich's, Inc.*, 121 Ga. App. 121 (1) (173 SE2d 232). The evidence supports the judgment.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED MAY 1, 1972—DECIDED JUNE 5, 1972.

*Troutman, Sanders, Lockerman & Ashmore, Michael C. Murphy,* for appellant.

*W. E. Zachary, Sr.,* for appellee.