49436. CARTER et al. v. KINMAN et al.

EVANS, Judge.

In 1953 Arthur Floyd Smith installed a fifteen-foot driveway along the northerly line of his property from U. S. Highway 41 up to his residence in Gordon County, Georgia. In 1954 he conveyed a 400 by 400 foot tract of land in the rear of his residence to his sister, Mrs. Ora Jane Rushing, as well as the driveway located in a strip of land 15 feet wide by 230 feet in depth along his north line. The driveway along his northerly line was completed to the Rushing residence shortly thereafter. Gordon County "cut the road the rest of the way." This driveway to the Smith and Rushing residences was used by them and a number of other people in the community who kept the driveway in repair. Both front and rear properties were later sold, and the driveway was constantly and continuously used by Robert Kinman and others for more than twelve years after Kinman purchased the Smith property in 1961, and until the present date in 1973. Kinman and others kept the driveway in repair, and the county worked it with a road scraper or grader "time in and time out."

Fred Carter and his wife, the present owners of the Rushing property (including the 15 foot by 230 foot strip),

graded and paved the driveway in 1973. Carter contends it had become unsuitable for vehicular use; and he had moved it further to the north, in which operation he was required to move a power pole and water meter. A water line servicing a number of the houses in the vicinity also ran in the driveway. Carter began to construct fences on each side of the private way. He advised Kinman of his intended actions and told him to build his own driveway. Although admitting that Kinman had used a part of the driveway, Carter contends Kinman's use was with permission of the owners of the driveway; Kinman had made no improvements or repairs, and any activity that Kinman did in connection with the driveway was not adverse to the owner, but merely to assist the owner (his predecessor in title) in the other's making of repairs, and that Kinman made no repairs of his own. He contends as owner in fee simple he had a right to fence it in and obstruct it, which he did by building the fence and placing a chain across the way.

Kinman and his wife, as owners of the adjoining property, petitioned the ordinary under Code § 83-119 to have the obstructions removed from the driveway. Rule nisi issued; defendant Carter and his wife answered and denied Kinman's claim of right to use the driveway. After a hearing, the ordinary ordered the obstructions removed. Appeal was then made to the superior court which heard the case upon stipulation of the parties to use the transcript of evidence of the hearing before the ordinary, and to submit the case to the judge without a jury.

The court rendered its findings of fact that the driveway had been open for more than seven years, with such repairs made by the plaintiffs, in conjunction with others, as were necessary to keep it in condition for vehicular use; and defendants had obstructed it, preventing plaintiffs from using it. Its conclusion of law was that defendants had violated the law, and the obstructions were ordered removed from the private way in 48 hours. Defendant appeals. *Held:*

The lower court rendered its judgment after finding facts "specially," and separately stated its "conclusions of law" in accordance with Code Ann. § 81A-152 (Ga. L.

1969, pp. 645, 646; 1970, pp. 170, 171). While defendants contend the plaintiffs failed to keep the way open and in repair for a period of seven years, there was ample evidence to support the findings of the court of continuous, uninterrupted use for seven years or more with no steps taken to prevent the enjoyment of same; and that it was kept open and in a state of good repair, by the finding that such repairs were made by plaintiffs with others as were necessary to keep it in condition for vehicular use. While this last statement did not add the phrase "for seven years," the implication is quite clear that it remained so during its use for more than twelve years. *Kirkland v. Pitman,* 122 Ga. 256 (4, 7) (50 SE 117); *Hardin v. Snow,* 201 Ga. 58 (38 SE2d 836). The special findings of the court were supported by evidence and cannot be set aside unless clearly erroneous. *American Appraisal Co. v. Whitley Construction Co.,* 126 Ga. App. 398 (190 SE2d 838); *Thomas v. Scott,* 23 Ga. App. 652 (2) (99 SE 57). The evidence supports the judgment and does not demand a finding for the defendants.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Argued May 30, 1974 — Decided September 16, 1974 — Rehearing denied October 9, 1974 —

*Langford & Pope, R. Thomas Pope, James B. Langford,* for appellants.

*Chance & Maddox, R. F. Chance,* for appellee.