## 50546. CLASSIC ENTERPRISES, INC. et al. v. CONTINENTAL MORTGAGE INVESTORS.

STOLZ, Judge.

This is an appeal from an order and judgment of the Superior Court of Hall County confirming the foreclosure sale of certain real property and denying the appellants' motion to dismiss and request for jury trial. The property involved consisted of a subdivision owned and being developed by the appellants with funds supplied by the appellee. The appellants' only complaint regarding the foreclosure sale itself was the failure of the appellee to offer the property for sale in individual tracts as well as in its entirety. The property was "bid in" by the appellee at the sale. There were no other bidders. Other enumerated errors relate to the confirmation hearing.

1. There is nothing contained in the security deed

which requires the appellee to sell the property described therein in single lots rather than as a whole, as described in the security deed. The transaction between the parties (security deed and loan agreement) contained provisions whereby each lot sold was released from the security deed upon the payment of certain proceeds of the sale to the satisfaction of the debt. The appellants were in the business of developing and selling real estate and particularly this subdivision. There is no reason to suppose that the appellee could achieve better sales results at a public foreclosure sale than the appellants had achieved in the normal course of business. There was no requirement that the appellee sell the property in individual tracts where there was no stated obligation to that effect in the security deed itself.

2. The appellants contend that the expert opinion which the trial court adopted in determining the true market value of the property foreclosed, did not find the true market value as a matter of law. Code Ann. § 67-1503 (Ga. L. 1935, p. 381) requires the court to find that the property sold at foreclosure sale brought its true market value in order to confirm the sale. Here, the property was bid in for $440,000. At that time, the principal debt was $771,120. Several "experts" testified as to the value of the property at the confirmation hearing. Their opinions were $363,500, $365,000 to $370,000, $397,200 and $834,600. In arriving at the last figure, the expert estimated that this amount could be realized in sales over a twenty-nine-month period. This particular expert testified that, in his opinion, the "total market value" of the properties "as is" on the foreclosure sale date was $701,600.

In confirmation proceedings the trial judge is the trier of fact. He presides as both judge and jury and his findings of fact shall not be set aside unless clearly erroneous. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171); *American Appraisal Co. v. Whitley Constr. Co.,* 126 Ga. App. 398 (190 SE2d 838); *Carter v. Kinman,* 132 Ga. App. 845 (209 SE2d 230). As noted by the Supreme Court in *Nat. Community Builders v. C & S Nat. Bank,* 232 Ga. 594, 596 (III) (207 SE2d 510), "The trial judge held that the purchase price paid at the

foreclosure sale was the fair market value of the realty. The testimony of the appraisers for the appellant and the appellee varied considerably. However, this was a question of fact for determination by the trial judge, and since his finding and conclusion is supported by evidence in the record, the appellant's contention, that the purchase price paid was not the fair market value of the realty, is without merit."

In the instant case, the judge, in his findings of fact, stated, "After consideration of *all the evidence,* the court is of the opinion that the true market value of said property upon the foreclosure sale is less than $440,000 [The foreclosure sale price of the land]." (Emphasis supplied.)

3. The appellants' contention, that they had the right to trial by jury at the confirmation hearing, is without merit. The ground urged in support of the appellants' position is that the statutory procedure contains no provision for jury trials and thus violates Art. VI, Sec, XVI, Par. I of the Constitution of Georgia. In resolving this issue, this court does not, because it cannot, decide the constitutional question. However, the record affirmatively shows the following chronology: the confirmation petition filed September 12, 1974; the appellants' answer filed October 18, 1974 (with no constitutional attack made on the statute); confirmation hearing held October 15, 1974; appellants' motion to dismiss and amendment to response (in which the constitutional issue was raised), filed on October 24, 1974. This latter date is nine days after commencement of the confirmation hearing. Prior thereto, the appellants had filed defensive pleadings, appeared at the confirmation hearing announcing ready, participated in the proceedings, and agreed to the time when briefs would be due after conclusion of the case and before rendition of the judgment. Such conduct constitutes a waiver of any right to a jury trial that could have existed. Nothing herein should be construed as intimating that a right to jury trial exists in these cases. The statute specifically provides for the confirmation hearing before the judge of superior court.

It is beyond the jurisdiction of this court to decide the constitutionality of the statute.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED APRIL 29, 1975 — DECIDED JUNE 13, 1975.

*Galkin, Katz & Tye, Donald A. Weissman, R. Elliott Dunn, Jr.,* for appellants.

*Pittman, Kinney, Kemp, Pickell & Avrett, L. Hugh Kemp, Whelchel, Dunlap & Gignilliat, Weymon H. Forrester,* for appellee.