## 51193. WACHOVIA MORTGAGE COMPANY v. MOORE et al.

STOLZ, Judge.

The trial judge's discretion when exercised in confirmation of judicial sales must be "sound legal discretion." *Hall v. Taylor,* 133 Ga. 606 (66 SE 478); *Wingfield v. Bennett,* 36 Ga. App. 27 (134 SE 840). The denial of confirmation—on the ground that the sale to the mortgagee failed to bring the true market value of the land as required by Code Ann. § 67-1504 (Ga. L. 1935, p. 381)—was an abuse of discretion in this case.

"As a general rule the price brought at a public sale, after proper and lawful advertisement, is prima facie the market value of the property sold, absent anything to indicate that there was chilling of the bidding, fraud, or the like adversely affecting the sale." *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238) and cit. There is no indication of any factors adversely affecting the present sale, for a price of $70,000. The defendant mortgagor testified that he paid $5,000 per acre for the 22.6-acre tract ($113,000) in 1972. The security deed securing an indebtedness of $220,000 did not establish as a matter of law a prima facie case for a value in excess of the purchase price, since the record shows that the $220,000 was a development and acquisition loan, the acquisition portion being $113,000. Nor was the lot release provision in the security deed evidence of value, inasmuch as it contemplates a developed piece of property, whereas the evidence is that the property was undeveloped at the time of the foreclosure sale and there was no evidence as to how many lots the defendant even contemplated developing.

"We judicially know that values do fluctuate, sometimes up and sometimes down." *Thompson v. Maslia,* supra, p. 764. The trial judge expressly recognized the fact that real estate values have *dropped* drastically within the last few years, including the two years between the loan and the foreclosure sale, yet found that the subject property had a true market value exceeding $133,560, or over $20,000 *higher* than the purchase price! The plaintiff mortgagee's expert witness testified that the property had a true market value as of the March 4, 1975 foreclosure sale of only $63,000. The defendant mortgagor was allowed to testify, over objection, that in his opinion the land was worth $7,500 an acre, or $169,500. Upon questioning as to why he had not sold the land for this price and avoided a default, however, he admitted that it was because he "didn't have a buyer." "The market value is the price which it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who wishes to buy, but is not under a necessity to do so." *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 419 (5) (77 SE 565). Where the defendant admitted that no one would buy the property at $7,500 an acre, this unsubstantiated, self-serving figure could not represent the "true market value."

Furthermore, even if it be considered that there was some evidence of inadequacy of price, "[i]nadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity." *Giordano v. Stubbs,* 228 Ga. 75, 79 (3) (184 SE2d 165) and cits. There was little if any basis for a finding of inadequacy of price; much less for gross inadequacy, and no evidence of such circumstances as are mentioned in *Giordano,* supra.

Accordingly, the order denying the confirmation of the foreclosure sale is reversed.

*Judgment reversed. Quillian, Clark, Webb and*

*Marshall, JJ., concur. Bell, C. J., Deen, P. J., and Evans, J., dissent. Pannell, P. J., not participating.*

ARGUED SEPTEMBER 29, 1975 — DECIDED FEBRUARY 18, 1976 — REHEARING DENIED MARCH 12, 1976.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellant.

*Albert A. Roberts, Robert P. Midtlyng,* for appellees.

EVANS, Judge, dissenting.

The owner of land sought to prevent the approval and confirmation of a sale at confirmation proceedings of said land. He had mortgaged his land to the petitioner (lender) for $220,000 in 1973. The land was foreclosed upon and sold in 1974 for only $70,000.

The owner of the land (respondent and appellee herein) testified before the judge (who occupies the position of a jury in cases such as these) that his land was of the value of $169,500. Based upon the landowner's testimony the trial judge entered a judgment refusing to allow confirmation of the sale. But the applicant (appellant) argues that it introduced testimony from an expert witness who testified that the land had a market value of only $63,000 at the time of the foreclosure sale, and obviously the majority opinion takes the position that the judge was required to accept this expert testimony.

Let it be pointed out first of all that an expert's testimony need never be believed. It may be thrown out completely without rhyme or reason. *Liberty Mut. Ins. Co. v. Williams,* 44 Ga. App. 452 (1) (161 SE 853); *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101).

Next, the judge (who occupied the function of a jury) was the final arbiter of which witness was credible and worthy of belief and as to what testimony he would give credence and that is what he did in this case. It cannot possibly be said that he violated his discretion because he elected to believe a witness (the owner of the land) as against an expert witness offered by the lender.

As to the judge having the right to decide which witness to believe regardless of conflicts in the testimony,

see *Mitchem v. State,* 53 Ga. App. 280 (185 SE 367). Further, when a witness testifies to facts which testimony is not absolutely consistent with other parts of his testimony, the judge may separate the wheat from the chaff and believe part of what a witness testifies and disbelieve other parts of what the same witness testifies. *Campbell v. State,* 157 Ga. 233, 235 (121 SE 306); *Adams v. Adams,* 218 Ga. 67, 68 (4) (126 SE2d 769); *Powell v. Blackstock,* 64 Ga. App. 442 (5) (13 SE2d 503).

Going a step further, the trial judge had the right to look beyond the owner's testimony to the other facts in the case and facts in the record and to see whether or not same might have aided the landowner's testimony. *Rome Builders Supply v. Rome Kraft Co.,* 104 Ga. App. 488, 491 (122 SE2d 133); *Steele v. Central of Ga. R. Co.,* 123 Ga. 237 (1) (51 SE 438). Here the record shows the property in question was mortgaged in one year for $220,000 and a year later was foreclosed upon and sold for only $70,000. The learned trial judge most assuredly had the right to determine that the lender was a sagacious and wise dealer in land and in deciding how much the land was worth and how much they might safely lend upon it.

It would strain the credulity of almost anyone, including the learned trial judge, to believe the lender found the land to be worth $220,000 one year and that it had fallen to the pitiful value of $70,000 just one year later. What happened to the difference of $150,000?

This is not a case where a trial judge has abused his discretion, nor should the judge be placed in a strait-jacket and required to render a decision in favor of a party to the case simply because he has an expert witness testifying in opposition to the testimony of the owner of the land and to all of the facts in the record.

I most respectfully dissent and find that the trial judge should be affirmed; otherwise, we are in the position of holding that the "any evidence" rule as to verdicts of juries and findings by judges who sit without juries is to be nullified and destroyed.

I am authorized to state that Chief Judge Bell and Presiding Judge Deen concur in this dissent.