## 52216. SMITH v. ANDREWS et al.

STOLZ, Judge.

The mortgagee appeals from the order denying confirmation of his foreclosure sale of an apartment project to himself under the power of sale in his security deed. *Held:*

"In confirmation proceedings, the judge sits as a trier [or trior] of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. *West v. West,* 228 Ga. 397 (1) (185 SE2d 763); *Classic Enterprises, Inc. v. Continental Mtg. Investors,* 135 Ga. App. 105 (217 SE2d 411). What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence. *Classic Enterprises, Inc. v. Continental Mtg. Investors,* supra; *Mustang Transp., Inc. v. W. W.*

*Lowe & Sons, Inc.,* 123 Ga. App. 350 (3) (181 SE2d 85)."
*American Century Mtg. Investors v. Strickland,* 138 Ga.
App. 657 (1). See also *Thompson v. Maslia,* 127 Ga. App.
758 (4) (195 SE2d 238).

The issue in a confirmation proceeding is whether
the property sold brought, *at the time of the sale,* its
"market value," which has been defined as "the price
property would command in the market" (Black's Law
Dict. (Revd. 4th Ed.), citing *State Hwy. Board v. Bridges,*
60 Ga. App. 240 (3 SE2d 907)) or "the price which it will
bring when it is offered for sale by one who desires, but is
not obliged, to sell it, and is bought by one who wishes to
buy, but is not under a necessity to do so." *Wachovia Mtg.
Co. v. Moore,* 138 Ga. App. 101, 102, and cit. "What it may
have brought or what it may have been regarded as being
worth on the market at times relatively close to the date of
sale may be considered as aids in arriving at market value
*at the time of sale . . . ,*" but even where there is evidence in
the record of a different value after the sale, this is not
controlling; "[i]f that were true a confirmation could
always be attacked because of a subsequent change in
value." *Thompson v. Maslia,* 127 Ga. App. 758, 764 (4),
supra. Contrary to the above principle, however, the trial
judge, sitting as the trior of facts in this case, indicated
during the confirmation hearing that he intended to
consider, not evidence of a different value after the
foreclosure sale, but the *speculative* market value at some
indefinite time in the future. Thus his judgment was
apparently based upon an erroneous theory of law.

"[I]t has been held that the reasons assigned by the
judge are not a part of the judgment, [cits.], and that
where the judgment of the trial court is proper and legal
for any reason it will be affirmed, regardless of the reason
assigned. [Cits.]" *Turner v. Baggett Transp. Co.,* 128 Ga.
App. 801, 806 (4) (198 SE2d 412). See also *State of Ga. v.
Johnson,* 214 Ga. 607, 611 (106 SE2d 353); *Hill v. Willis,*
224 Ga. 263, 267 (3) (161 SE2d 281); *Cherry v. State,* 135
Ga. App. 819 (2) (219 SE2d 41). However, where, as
here, the trial judge as the trior of facts indicates his in-
tention to consider inadmissible matter, the "right-
for-any-reason rule" is not applicable, since we can no
longer indulge the presumption that the trial judge

selected the legal testimony and discounted the effect of the incompetent evidence in molding his judgment. See *Cherry v. State,* 135 Ga. App. 819 (2), supra; *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77) and cit.

Judgments based upon erroneous theories of law are generally reversed in the appellate courts. See, e.g., *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (3) (117 SE2d 902) (1960) and *Travelers Ins. Co. v. Burch,* 114 Ga. App. 723 (152 SE2d 697) (1966). See also United States v. U.S. Gypsum Co., 333 U.S. 364 (68 SC 525, 92 LE 746) (1948); Benton v. Blair, 228 F2d 55 (5th Cir. 1955); Smallfield v. Home Ins. Co. of N.Y., 244 F2d 337 (9th Cir. 1957); J. D. Hedin Construction Co. v. F. S. Bowen Electric Co., 273 F2d 511 (D.C. Cir. 1959). Although there is some evidence in the record which, if believed, would have supported a denial of the confirmation, the judgment denying confirmation must be reversed and the case be remanded and re-tried under the correct theory of law, since we cannot determine whether the judge would have weighed the evidence as he did if he had been relying on the correct theory.

*Judgment reversed and remanded with direction. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 3, 1976 — DECIDED JULY 6, 1976 —
REHEARING DENIED JULY 20, 1976.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch,* for appellant.

*Harland, Cashin, Chambers, Davis & Doster, James R. Harland, Jr., Samuel F. Doster, Jr.,* for appellees.