53994. FULTON NATIONAL BANK OF ATLANTA v. WOOD et al.

SHULMAN, Judge.

This is an appeal from a judgment denying confirmation of a sale under power of sale in a security deed. It was stipulated by the parties that the sole issue was the adequacy of the price paid at the foreclosure sale, the sale being otherwise regular and in conformance with applicable law.

At the hearing, appellant produced two expert witnesses to testify to the value of the property on the date of the foreclosure sale. One of them valued the property at $325,000; the other at $440,000. Appellee produced a witness who testified that the fair market value of the property was $852,750. Appellant bought in at the foreclosure for $440,000. The trial judge held that the price was grossly inadequate and denied confirmation. We reverse the judgment.

1. Appellant argues that the court erred in requiring one of the appellant's witnesses to testify as to his communication, on behalf of appellant, with appellant's attorneys. Specifically, the witness was compelled to answer questions about the amount the attorneys were authorized to bid for the property at the foreclosure sale. We see no error, under the circumstances of this case. Appellant had already placed into evidence the fact that it bid in at the foreclosure for $440,000. The same witness who was compelled to testify as to the amount the attorneys were authorized to bid had testified without objection that appellant had given the attorney's instructions on how much to bid. It is this partial disclosure which authorized the further questioning of the witness as to the communications to appellant's attorney. *Young v. State,* 65 Ga. 525 (2).

2. In five enumerations of error, appellant complains of the action of the trial judge in allowing appellee's attorney to read the files of appellant's witnesses, question them on the contents and tender into evidence certain documents found therein. The transcript and the language of the judgment show that the files, to which the witnesses had referred during direct examination, were used for the purpose of attacking the credibility of those witnesses. This issue is controlled adversely to appellant by *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (1) (164 SE2d 340).

3. In two enumerations of error, appellant contends the trial court erred in permitting appellee's witness to read into the record a list of sales prices of properties he testified were comparable to the property involved. All the witness gave were dollar amounts, with no identification of the property which brought the price and no attempt to demonstrate comparability. In fact, the witness admitted he had seen only half of his alleged comparables. There having been no showing of comparability, it was error to admit the lists of prices. *Rowe v. City Council of Augusta,* 119 Ga. App. 571 (3) (168 SE2d 209); *Fulton County v. Cox,* 99 Ga. App. 743, 745 (109 SE2d 849).

4. Appellant assigns as error the trial court's refusal to allow him to question the author of a letter admitted into evidence as to the purpose of the letter. If the refusal

was error, it was harmless because appellant's counsel elicited the information he desired by a less direct line of questioning.

5. From the language of the judgment in this case, it is evident that the trial judge, discounting the testimony of appellant's experts, accepted that of appellee's expert. Six of appellant's enumerations of error attack that testimony and the judgment based thereon. In the most telling of those attacks, the one on which we reverse the judgment, appellant contends that appellee's expert's testimony did not supply a value for the property involved on the day of the sale. Although the witness testified that his appraisal was as of a given date and that, in his opinion, the value was the same on the date of the sale, his explanation during cross examination showed that his opinion of value presupposed a sale of the property in parcels over an indeterminable period of time. An opinion of "... speculative market value at some indefinite time in the future" is not relevant evidence at a confirmation hearing and cannot form the basis of a judgment. *Smith v. Andrews,* 139 Ga. App. 380, 381 (228 SE2d 320). The record shows that, excluding the irrelevant testimony of appellee's witness, there was no basis in the evidence to support this judgment.

"Furthermore, even if it be considered that there was some evidence of inadequacy of price, '(i)nadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity.' *Giordano v. Stubbs,* 228 Ga. 75, 79 (3) (184 SE2d 165) and cits. There was little if any basis for a finding of inadequacy of price; much less for gross inadequacy, and no evidence of such circumstances as are mentioned in *Giordano,* supra." *Wachovia Mtg. Co. v. Moore,* 138 Ga. App. 101, 102 (225 SE2d 460).

Because we have held that the judgment below was based on an erroneous theory of law, i.e., consideration of

speculative value at some indefinite time in the future, "... the judgment denying confirmation must be reversed and the case be remanded and re-tried under the correct theory of law, since we cannot determine whether the judge would have weighed the evidence as he did if he had been relying on the correct theory." *Smith v. Andrews, supra,* at 382.

*Judgment reversed and remanded with direction. Quillian, P. J., and Banke, J., concur.*

ARGUED JUNE 8, 1977 — DECIDED JUNE 27, 1977 — REHEARING DENIED JULY 19, 1977 AND JULY 29, 1977 —

*Zusmann, Sikes, Pritchard & Cohen, Charles C. Pritchard, A. A. Sharony,* for appellant.

*Dewberry & Avery, E. Dale Dewberry, C. Richard Avery,* for appellees.