## 58547, 58989. MEYERS v. GLOVER et al. (two cases).

BIRDSONG, Judge.

Malicious arrest, false imprisonment, and malicious prosecution. The evidence indicates that on December 16, 1976, the appellant Meyers passed through Hartsfield Airport after debarking from an airplane. He recovered his baggage and proceeded to leave the terminal facility. It is undisputed that he did not show his baggage claim check to the security guard before exiting the the terminal. There is disagreement as to the next incident but the evidence establishes either that a security guard, appellee Smith, stopped Meyers and asked to see his baggage checks and Meyers bruskly refused, or that Smith rudely accosted Meyers by grabbing the baggage and demanded to see the baggage checks. It is not disputed that Meyers

refused to show the baggage claim checks. Meyers admitted that he was angry and asked Smith to take him (Meyers) to a superior. Smith was employed by A. R. C. Security Services, Inc., another appellee. Smith escorted Meyers to the terminal police office where it is alleged that Meyers was asked once again to display his claim checks and was told of the necessity. It is apparent that Meyers once again refused. The police officers manning the station were the appellees Glover and Stanford. Meyers was placed under arrest by these two officers, Glover and Stanford, charged with creating a disturbance and interfering with another's lawful occupation. Meyers was incarcerated for a matter of hours based upon these charges until he was released upon bond. Subsequently, Meyers was bound over on a charge of obstruction of a police officer. The charge of creating a disturbance was dismissed. The charge of obstruction of a police officer was placed on NOD (not on docket) which is similar to the dead docket in the State Court of Fulton County. The statute of limitation thus barred prosecution after the term of two years, which occurred on December 15, 1978. Appellant filed the present complaint against all appellees on January 3, 1979. All appellees moved for summary judgment on the ground that the complaint was barred by the statute of limitation. The trial court granted the motions on behalf of all appellees. This appeal followed. *Held:*

1. These two appeals (Nos. 58547 and 58989) arise out of the same facts and involve the same parties. Accordingly, the appeals are consolidated and will be treated as one.

2. As to the counts of the complaint alleging malicious arrest and false imprisonment, we conclude that the trial court did not err in granting summary judgment to all appellees based upon the statute of limitation. Malicious arrest and false imprisonment are injuries against the person that must be brought within two years of the actual arrest or imprisonment. *Hutcherson v. Durden,* 113 Ga. 987, 989 (39 SE 495); *Johnson v. Bradstreet Co.,* 87 Ga. 79 (13 SE 250). We reject Meyers' contention that the running of the statute was tolled as to these counts of the complaint until the time

when no further action could be taken on the criminal prosecution, which is asserted to be December 15, 1978. The right of action for malicious arrest and false imprisonment accrued, if at all, at the time of the arrest and at the time of the release from imprisonment and not upon finalization of the causally related and subsequently emergent complaint of malicious prosecution. *Gordon v. West,* 129 Ga. 532, 536 (59 SE 232).

3. For reasons hereinafter set forth, we find merit in the argument that the trial court erred in granting summary judgment as to the malicious prosecution count. Appellant urges that there was no determination of the offense of obstruction of an officer, either in his favor or adverse to his interests, prior to the barring by the running of the statute on December 15, 1978, which precluded the state from taking any further action on the offense of obstruction. Meyers properly contends that he could not bring his action for malicious prosecution until the state's time for prosecution had expired because only after the state's right to prosecute was terminated was there any result as to the obstruction charge placed against him. We will assume that the running of the statute of limitation is a final bar to prosecution and amounts to a favorable determination in favor of the defendant. (But see *Courtenay v. Randolph,* 125 Ga. App. 581, 583 (188 SE2d 396); *Newman v. State,* 121 Ga. App. 692, 694 (175 SE2d 144)). Under the circumstances of this case, the statute of limitation was tolled as to an action for malicious prosecution until a final result was obtained in the obstruction charge, so that appellant's malicious prosecution action was timely.

Nevertheless, insofar as the trial court concluded that the malicious prosecution count merged with the false arrest count, the trial court was in error. Under the facts of this case, a warrant was not necessary to arrest Meyers for an offense committed in the presence of the arresting officers.

We further observe that before an action for malicious prosecution can be pursued, not only must there have been a termination of the criminal case favorably to the accused, but an absence of probable cause for the prosecution must appear. *Sykes v. South Side Atlanta*

*Bank,* 53 Ga. App. 450, 452 (2) (186 SE 464). The burden of showing an absence of such cause is on the plaintiff accused (*Darnell v. Shirley,* 31 Ga. App. 764 (122 SE 252)), and properly is a question of law where the averments of proof are lacking or fail sufficiently to negative presumptions of law that probable cause existed. *Sykes v. South Side Atlanta Bank,* supra, p. 452. The binding over of a defendant is prima facie, though not conclusive, evidence of probable cause. *Luke v. Hill,* 137 Ga. 159 (5) (73 SE 345).

In this case, Meyers alleged by conclusions that the arrest was unlawful, and the imprisonment malicious and without probable cause. Yet at no time did Meyers deny that he refused to show the baggage claim checks or that the demand by Smith or the police officer to see the checks was beyond their authority. He does not argue that the officers exceeded their authority in bringing charges of causing a disturbance or that the charge of obstructing an officer was unwarranted. He admits that he was bound over on such a charge and a statement by the solicitor of the State Court of Fulton County that the charge was warranted stands unrebutted except by the barest of conclusory statements that the arrest and imprisonment were without probable cause and malicious. Under such circumstances, the trial court would not have erred in finding no issue of contested fact that the arrest and imprisonment were lawful and based upon probable cause. *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255 (243 SE2d 673). In the face of the unrebutted evidence that an arrest and imprisonment was upon probable cause and thus lacked malice, an underlying action for malicious prosecution does not lie. *Henderson v. Francis,* 75 Ga. 178 (5).

As to the appellees Smith and A. R. C. Security Services, Inc., it also was shown that not only was the statute of limitation defense available to them as to the false arrest and malicious imprisonment counts, but an additional defense was established as to all three counts by evidence that Meyers voluntarily accompanied Smith to the terminal police station. Any subsequent arrest or imprisonment was made solely by the arresting officers, Glover and Stanford. Though Smith apparently made a

complaint against Meyers, Meyers has offered no evidence that a complaint was unwarranted or false or that Smith sought to have Meyers arrested. For this additional reason, the trial court could have found ground to grant summary judgment to the appellees Smith and A. R. C. Security Services. *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175, 177 (2) (243 SE2d 528).

Nevertheless, judgments based on erroneous theories of law are generally reversed in the appellate courts. See, e.g., *Ayers v. Yancey Bros. Co.,* 141 Ga. App. 358, 361 (233 SE2d 471); *Smith v. Helms,* 140 Ga. App. 267, 269 (231 SE2d 778); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (225 SE2d 778); *Travelers Ins. Co. v. Burch,* 114 Ga. App. 723 (152 SE2d 697). See also United States v. United States Gypsum Co., 333 U. S. 364 (68 SC 525, 92 LE 746). Though there is substantial evidence in the record which would have supported a grant of summary judgment on the malicious prosecution count, the judgment granting summary judgment based on the incorrect legal basis of being barred by the statute of limitation must be reversed, and this issue considered under a correct theory of law because we cannot say what the trial judge would have concluded if he had been relying on the correct theory. *Smith v. Andrews,* 139 Ga. App. 380, 382 (228 SE2d 320).

The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Appellees in this case have made the requisite showing as to the false arrest and malicious imprisonment counts. We note further the legal principle that actions of this kind are strictly guarded, and the circumstances under which they may be maintained are zealously overseen. Such an action is never encouraged except in plain cases. Were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law, and

discharge his duty to society, with the too-easy prospect of an annoying suit staring him in the face. *Joiner v. Ocean Steamship Co.*, 86 Ga. 238, 245 (12 SE 361); *Ventress v. Rosser*, 73 Ga. 534, 541. For the foregoing reasons, the grant of summary judgments in this case to all appellees as to the false arrest and malicious imprisonment counts was proper. But for the reasons stated, the grant of summary judgment as to the malicious prosecution was error.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Smith, J., concur.*

58547, ARGUED SEPTEMBER 12, 1979; 58989, ARGUED NOVEMBER 20, 1979 — DECIDED DECEMBER 4, 1979.

*Barry Staples*, for appellant.
*Ferrin Y. Mathews, Malcolm J. Hall, Richard B. Eason, Jr., Duane B. Jackson*, for appellees.